

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR-12-25-BLG-RFC |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| JAMES MATTHEW TAFELMEYER, | |
| Defendant. | |

Defendant James Tafelmeyer has moved the Court to modify the search condition imposed as part of his term of supervised release upon his conviction for receipt of child pornography. Doc. 42. That search condition reads:

> The defendant shall submit his person, and any property, residence, place of employment, vehicles, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to a search at a reasonable time and a reasonable manner, with or without a warrant, with or without probable cause, and with or without reasonable suspicion, which may include location monitoring/tracking of any vehicle the defendant uses or has access to, by any law enforcement or probation officer in the lawful discharge of the officer's supervision functions. The defendant shall

1

> warn any other occupants that the premises may be subject to
> searches pursuant to this condition. The defendant shall allow seizure
> of suspected contraband for further examination.

See doc. 39, Judgment, p. 4, ¶ 9. Tafelmeyer objections to portion of the condition authorizing suspicionless searches.

Tafelmeyer recognizes that while on supervised release he has less of an expectation of privacy than the average citizen and that the Fourth Amendment permits warrantless searches of parolees. Doc. 42, p. 3. He also correctly notes that probationers have a greater expectation of privacy than parolees because parole is more akin to incarceration. *Id., citing United States v. King*, 711 F.3d 986 (9th Cir. 2013) (Fourth Amendment permits a suspicionless search of a probationer's residence, where the probationer has accepted a suspicionless-search condition as part of a probation agreement). Finally, Tafelmeyer argues that because supervised release is more like probation than parole, the supervised release condition authorizing suspicionless searches is unreasonable under the Fourth Amendment.

But Tafelmeyer offers no authority for his argument that supervised release is more like probation than parole and the Court's research did not reveal any such authority. Rather, supervised release was created to replace parole when the latter was abolished by the Sentencing Reform Act of 1984. *United States v. Kinkade,*

379 F.3d 813, 817 n.2 (9th Cir. 2004). The primary difference between parole and supervised release is that the former shortens a term of incarceration and the latter follows one. *Id.* Whereas probation is imposed in lieu of incarceration.

Considering that Defendant has a long history of accessing child pornography and that he not able to abstain from viewing pornography while on pretrial release, the search condition imposed is reasonably related to the goals of deterrence, protection of the public and rehabilitation and involves no greater deprivation of liberty than is reasonably necessary to achieve those goals. *United States v. Napulou* 593 F.3d 1041, 1044 (9th Cir. 2010).

For those reasons, Tafelmeyer's motion to modify the special condition 9 of his supervised release (doc. 42) is **DENIED.**

**SO ORDERED.**

Dated this 3rd day of May, 2013.

RICHARD F. CEBULL
Senior U. S. District Court Judge